# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ELBERT HOGAN,**

    **Plaintiff,**

v.

**KOKOSING CONSTRUCTION COMPANY, INC.,**

    **Defendant.**

Case No. 2:08-cv-01052

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE NORAH MCCANN KING

## **OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's motion to dismiss or for summary judgment. (Document 5.) For the reasons discussed below, the Court **GRANTS** leave for Plaintiff to amend his complaint within fourteen days, and further **ORDERS** that if Plaintiff does not so amend his complaint, Defendant's motion to dismiss shall be granted.

## I.  **Background**

The following facts are alleged in the Complaint. Plaintiff asserts that on May 15, 2008, while working for Defendant, he sustained a fracture to the fifth metatarsal of his right foot. (Compl. ¶ 1.) Plaintiff began collecting workers' compensation benefits in June 2008 and continued to do so until August 2008 when his physician cleared him to return to work. (*Id.* at ¶ 2.)

Plaintiff contends that while he was on disability leave, Defendant attempted to conduct surveillance of him. (Compl. ¶ 4.) In doing so, Plaintiff claims that Defendant observed a person, whom the investigator mistook for Plaintiff, cutting the grass of the house Defendant was watching. (*Id.* at 4, 5.) According to Plaintiff, the investigator was observing a house where he had not resided for two years. (*Id.* at ¶ 5.) Plaintiff alleges that he was never recalled to work

after his period of medical leave due to the mistaken surveillance. (*Id.* at ¶ 7.) Plaintiff also alleges that he reported this incident to his union. (*Id.* at ¶ 6.)

Defendant denies that Plaintiff reported the incident and offers a supporting affidavit from Defendant's Human Resource Director providing the alleged bases for its decision not to return Plaintiff to work. (Def.'s Mot. at 4,9, Ex. 1.) Defendant also offers the Collective Bargaining Agreement ("CBA") under which Plaintiff operated as an union employee. Section 60 of the CBA sets forth the controlling employee grievance procedure. (CBA at 34, Def.'s Mot. Ex. 1-A.) Specifically, the CBA provides that "[g]rievances must be filed in writing. Members who fail to report grievances to the Business Manager within fourteen (14) days shall forfeit their grievance." (*Id.*)

In his Memorandum in Opposition, Plaintiff admits that the union never accepted or filed a grievance on his behalf. (Pl.'s Mem. Opp'n at 2.) He attempts to set forth new facts in his Memorandum that do not appear in his Complaint. In particular, Plaintiff asserts in his Memorandum in Opposition alleging that, although he made attempts to file a grievance, the union representative did not accept his complaints and instead referred Plaintiff to the union's staff attorney. (*Id.*) According to Plaintiff, the union's staff attorney failed to respond to a voice mail message that Plaintiff left for him. (*Id.*)

## II.    Plaintiff's Claim

Plaintiff brings this lawsuit alleging that Defendant wrongfully terminated his employment. (Compl. ¶ 6.) Plaintiff asserts that Ohio's employment at-will doctrine does not apply, and that his claim for wrongful termination is viable because the CBA created a contract

2

for employment. (Compl. ¶ 6.)

Plaintiff originally filed his Complaint in state court. Defendant thereafter removed the Complaint under Section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185 ("LMRA"), asserting that Plaintiff's state claims are preempted.

## III. Analysis

### A. Motion to Dismiss Standard

Defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). While a plaintiff's complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, the allegations "must do more than create speculation or suspicion of a legally cognizable action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredensen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original).

3

Although the Court has some discretion to consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," the Court's Rule 12(b)(6) decision must "primarily consider[] the allegations in the complaint." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted); *see also Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005) (stating that "a court generally may not consider any facts outside the complaint and exhibits attached thereto" in ruling on a motion to dismiss). The Court may consider attachments to the motion to dismiss as part of the pleadings if such attachments are referred to in the complaint and are a central part of the claim. *Amini*, 259 F.3d at 502. Under Rule 12(b)(6), the Court may refer only to matters outside the pleadings to "fill[] in the contours and details of the plaintiff's complaint" and may not base its rationale on "the additional information provided there." *Yearly v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). Thus, on this basis, the Court considers the CBA, submitted by Defendant, because the allegations in Plaintiff's Complaint rely, in part, on the terms of this agreement.[1]

## B. The Merits of Plaintiff's Claims

### 1. Preemption

As a preliminary matter, the Court notes that Defendant properly moved this case because the LMRA, 29 U.S.C. § 185, preempts Plaintiff's state law claim. That statute provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this

---

[1] The Court does not, however, consider the affidavit from Defendant's Human Resources Director, as that document clearly is extraneous to the Complaint.

4

chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Court must make two inquiries to determine whether preemption under the LMRA applies. *Descoe v. Gen Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). First, the Court must decide whether the proof of the state law claim requires interpretation of the CBA. *Id.* at 216. Second, the Court must examine whether the CBA or state law creates the right underlying Plaintiff's claims. *Id.* If the claim requires interpretation of the CBA or is a right that the CBA creates, "preemption is warranted." *Id.* In his Complaint, Plaintiff expressly relies on his status as a member of the Laborers International Union of North America, Local 860, operating under its contract, as a basis to avoid application of Ohio's employment at will doctrine. (Compl. ¶ 6.) Accordingly, preemption is warranted because the CBA creates the right underlying Plaintiff's claims.[2]

## 2. Exhaustion of Administrative Remedies

An employee may bring suit against his employer for breach of a CBA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citing *Smith v. Evening News Assn.*, 371 U.S. 195 (1962)). Nevertheless, an employee is "required to attempt to exhaust any grievance or

---

[2]Furthermore, as set forth below, Plaintiff may be attempting to assert a hybrid action under the LMRA. Based on representations he makes in his Memorandum in Opposition, Plaintiff seems to be suggesting that the union breached its duty of fair representation. Such a claim would clearly require a construction of the CBA. As the Court explains below, it will not accept as facts the statements Plaintiff makes in his Memorandum in Opposition, but will permit leave to file an amended complaint so as to permit Plaintiff to construct these claims more precisely if, in fact, he intends to do so.

arbitration remedies provided in the collective bargaining agreement" before he or she can recover for a breach of the CBA. *DelCostello*, 462 U.S. at 163 (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)). After limited judicial review, the employee "will be bound by the result according to the finality provisions of the agreement." *DelCostello*, 462 U.S. at 163 (citing *Steelworkers v. Enterprise Corp.*, 363 U.S. 539 (1960)). This approach reflects the federal policy preference for employing contract grievance procedures to settle labor disputes. *See Republic Steel*, 379 U.S. at 653.

Because the majority of CBA agreements bring finality to grievance procedures "an employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of the grievance." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citing *DelCostello*, 462 U.S. at 163-64). Therefore, in order to sue for damages against an employer under § 301 of the LMRA, an employee must bring a "hybrid § 301/fair representation claim." *DelCostello*, 462 U.S. at 165. This hybrid suit consists of two causes of action: (1) a suit against the employer for breach of the CBA, and (2) a suit against the union for breach of the duty of fair representation. *Id.* at 164. Although an employee may choose to sue only the employer or the union through a hybrid action, in order to recover the employee must still prove both "that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." *Chauffeurs*, 494 U.S. at 564.

The CBA at issue in this case expressly defines the grievance procedure: "Grievances must be filed in writing. Members who fail to report grievances to the Business Manager within fourteen (14) days shall forfeit their grievance." (CBA at 34, Def. Mot. Ex. 1-A.) In his

6

Complaint, Plaintiff plainly does not allege that he filed an official grievance with the Business Manager, or otherwise complied with the grievance procedure set forth in the CBA. The Complaint merely alleges that "Plaintiff did in fact report this to his union." (Compl. ¶ 6.) This allegation, however, falls short of the requisite obligation to plead that Plaintiff exhausted the CBA grievance procedures "above the speculative level." *Twombly*, 550 U.S. at 555.[3] Because Plaintiff fails to allege any direct or inferential allegations that he exhausted grievance procedures and administrative remedies, Defendant's Motion to Dismiss on this basis is granted.

### 3. **Breach of the Duty of Fair Representation**

Since Plaintiff fails to allege that he exhausted grievance procedures, in order to recover Plaintiff must bring a hybrid action, requiring proof that the union breached its duty of fair representation. *See Chauffeurs*, 494 U.S. at 564. Specifically, an exception to CBA grievance procedures exists when "the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello*, 462 U.S. at 164.

In this case, Plaintiff's Complaint fails to allege any facts suggesting that the union breached its duty of fair representation. Plaintiff attempts to allege new facts in his Memorandum in Opposition, contending that although he made attempts to file a grievance with his union, the union did not accept the grievance. (Pl.'s Mem. Opp'n at p. 2.) Rule 12(b)(6), however, requires the Court to limit its analysis to the allegations in the Complaint and prohibits a decision based on additional information outside the pleadings. *See Amini*, 259 F.3d at 502;

---

[3] In his Memorandum in Opposition, Plaintiff states that the union never accepted or filed a grievance on his behalf. (Pl.'s Mem. Opp'n 2.)

7

*Yearly*, 107 F.3d at 445. Furthermore, the Court "should not assume facts that could and should have been pled, but were not." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 522 (6th Cir. 2008) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006)). Accordingly, Plaintiff's statements in his Memorandum in Opposition are not facts supporting his claim that the union breached its duty of fair representation.

Because Plaintiff failed to allege in his complaint that the union breached its duty of fair representation, he has failed to state a claim upon which he can recover. *See Chauffeurs, Teamsters and Helpers*, 494 U.S. at 564; *see also Grisby v. Wilberforce Univ.*, No. 05-cv-014, 2007 WL 1989593, at *5–8 (S.D. Ohio July 6, 2007)(unreported)(dismissing a complaint for breach of a CBA where the plaintiff failed to exhaust administrative remedies and failed to allege a breach of duty of fair representation).

## IV.    Conclusion

While this case was properly removed to this Court, Plaintiff fails to allege either (a) that he followed the grievance procedure set forth in the CBA or (b) that Plaintiff's union breached its duty of fair representation. Consequently, the Complaint fails to state a claim upon which Plaintiff could recover.

However, given that leave to amend should be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff is hereby **GRANTED** leave to amend his complaint within fourteen (14) days from the date of this Opinion and Order in order to state a claim under the applicable case law. If Plaintiff does not amend his complaint within fourteen (14) days from the

date of this Opinion and Order, Defendant's motion to dismiss (Document 5) shall be granted.

**IT IS SO ORDERED.**

9-28-2009
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE