UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELBERT HOGAN,

                Plaintiff

vs.

                Case No. 2:08-CV-1052
                District Judge Sargus
                Magistrate Judge King

KOKOSING CONSTRUCTION COMPANY,

                Defendant.

## OPINION AND ORDER

This case was originally filed October 6, 2008, as a "Complaint [for] Wrongful Termination," Case No.08CVH01131 in the Mt. Vernon Municipal Court, Knox County, Ohio. Doc. 3-1. In it, Plaintiff Elbert Hogan sought reinstatement "to his former position and job title" with Defendant Kokosing Construction and "compensatory damages at the rate of $27.00 per hour" from August 2008. Id. By notice filed November 7, 2008 (Doc. 2), Defendant removed the case to this court on grounds that the Complaint alleged violation of Section 301 of the Federal Labor-Management Relations Act, 29 U.S.C. § 185, over which this court has jurisdiction pursuant to 28 U.S.C. § 1441.[1]

Thereafter, ruling in response to Kokosing's motion to dismiss or for summary judgment (Doc. 5), the Court concluded that removal was proper because the "LMRA, 29 U.S.C. § 185, preempts Plaintiff's state law claim" where, as here, that

---

1. Technically, federal district courts have "original jurisdiction" here under *28 U.S.C. §1331* because this case is a civil action allegedly arising under 29 U.S.C. §185, a law of the United States, and *that* makes the case removable to this Court pursuant to the provisions of §1441.

claim is based on rights created by his union's CBA (collective bargaining agreement) with Defendant Kokosing. Opinion and Order, Doc. 22, pp. 4-5. 8. The Court further concluded, however, that the LMRA permits claims like Plaintiff's only through exhaustion of available administrative remedies (normally grievance and/or arbitration procedures provided by the applicable CBA) or through a so-called "hybrid § 301/ fair representation claim" (see Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990); DelCostello v. Int'l B'hd of Teamsters, 462 U.S. 151, 163-65 (1983)), in each of which the plaintiff was required to plead and prove both "that the employer's action violated the terms of the collective-bargaining agreement and also that the union breached its duty of fair representation." Doc. 22, pp. 5-6; Chauffeurs, 494 U.S. at 564.

Upon examination of the Complaint and other matter properly considered on Defendant's motion to dismiss, the Court then concluded that Plaintiff had failed both to include either "direct or inferential allegations that he exhausted grievance procedures and administrative remedies," thus failing to allege violation of the applicable CBA (Doc. 22, pp. 6-7, 8), or adequately to allege his union's breach of "its duty of fair representation." (Doc. 22, pp. 7-8, 8). The Court therefore found that "the Complaint fail[ed] to state a claim upon which Plaintiff could recover;" but the Court granted Plaintiff leave to file an amended complaint within fourteen days, only failing which would the Defendant's motion to dismiss be granted. Doc. 22, pp. 8-9, filed 9/29/09.

The above ruling eventually led to the Plaintiff's Amended Complaint [for] Wrongful Termination as filed June 10, 2010 (Doc. 35), as well as to Defendant's

2

Answer filed June 21, 2010 (Doc. 37) and to the Defendant's Motion for Summary Judgment filed January 13, 2011 (Doc. 44) that is now before the Court for consideration together with additional memoranda in support and opposition (Docs. 48, 49) and other pertinent materials on file in the case.

In accordance with the applicable federal rule, summary judgment is appropriate here "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). The movant, in this case the Defendant Kokosing, has the burden of establishing there are no genuine issues of material fact; however, that may be accomplished by demonstrating that the nonmoving party, i.e. Plaintiff Hogan, lacks evidence to support an essential element of his case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir. 1993).

In support of its motion, Defendant Kokosing asserts that the record here does not contain sufficient evidence to establish a genuine issue, either that Kokosing's actions with respect to Plaintiff violated the applicable collective-bargaining agreement, or that the failure of Plaintiff's union to pursue his

3

complaint about such actions violated the union's duty of fair representation. Doc. 44, p. 1, ff. Upon either one or both of those grounds, Defendant contends it is entitled to summary judgment dismissing Plaintiff's action. Id., p. 13.

As is made clear in the Chauffeurs and DelCostello cases cited above, as well as in this Court's earlier opinion here (Doc. 22, p. 6), those are both necessary prerequisites to Plaintiff's hybrid § 301 proceeding in this court.[2] Defendant has thus identified two elements essential to the Plaintiff's right to proceed – elements that *he,* the party opposing this motion, must both plead and prove.

Summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See Celotex Corp. at 322; see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). In addition, in Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989), our circuit recognizes several further principles now applicable to summary judgment practice, among which are the following, also pertinent here. In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly

---

2. "Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement *and* that the union breached its duty of fair representation." Chauffeurs, Teamsters and Helpers, Local No. 391 at 564 (quoting DelCostello at 163-64 (emphasis supplied)).

4

supported motion for summary judgment.'" Ibid. (quoting Liberty Lobby, 477 U.S. at 257). In other words, the non-moving party (here, the Plaintiff) "must adduce more than a mere scintilla of evidence in order to overcome such a motion." Ibid. (citing Liberty Lobby, *inter alia*). Also, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. at 1479-80 (citing Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029 (D.C. Cir. 1988)).[3]

In arguing for and against the present motion, the parties both concentrate on the question of whether Plaintiff's union violated its duty of fair representation when it refused to process Plaintiff's grievance; and there is language in a number of cases which might be argued to indicate that this question of fair representation should be examined first. See, e.g., Chauffeurs, Teamsters and Helpers, Local No. 391 at 564;[4] Alford v. General Motors Corp., 926 F.2d 528, 531 (6th Cir. 1991).[5] However, those cases are distinguishable on their facts and/or different procedural posture from the case before the Court here; and there is ample other authority

---

3. This latter rule continues to be cited and relied upon in this and other circuits. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989); L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc., 9 F.3d 561 (7th Cir.1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n. 7 (5th Cir. 1992); Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 379 (6th Cir.2007) (quoting Skotak); Parsons v. FedEx Corp,, 360 Fed.Appx. 642, 646, 2010 WL 26473,*3 (6th Cir. 2010, not published).

4. "[A]n employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance." Ibid. (citing DelCostello, 462 U.S. 151, 163-164).

5. "[I]f a collective bargaining agreement contains exclusive and final procedures for the resolution of employee grievances, an employee will be prohibited from bringing an action under § 301 absent an allegation that his union breached its duty of fair representation." Ibid. (citing Vaca v. Sipes, 386 U.S. 171).

5

applicable to hybrid §301 claims for a court in these circumstances to proceed directly to the question of breach of the CBA and to decide the motion on the basis that there is no genuine issue respecting the plaintiff-employee's inability to make that necessary showing. See, e.g., White v. Anchor Motor Freight, Inc., 899 F.2d 555, 560 (6th Cir. 1990);[6] Higgins v. International Union, Security, Police, Fire Professionals of America, 398 F.3d 384, 388 (6th Cir. 2005).[7]

In this case, Plaintiff has elected, as he is permitted to do,[8] to sue only his former employer and not his union. For that reason and because, here, the question of the union's fair representation logically turns in part, if not wholly, upon the existence of an arguable breach of the collective-bargaining agreement in the first place, the Court considers it more appropriate to determine first whether the record discloses a genuine issue of the Defendant employer's breach of the CBA with respect to the facts and circumstances alleged in Plaintiff's Amended Complaint.[9]

---

6. "Absent a finding that his discharge was in violation of the [CBA], appellant cannot be heard to complain that Local 580 breached its duty of fair representation," White, at 559-60 (citing, *inter alia*, Hines v. Anchor Motor Freight, 424 U.S. 424, 570-71 (1976)) (footnote omitted).

7. "Because the employees are unable to establish a genuine issue of material fact regarding their breach of contract claim against [their employer], their remaining claim for breach of duty of fair representation under Section 301 must also fail." Ibid. (citing Bagsby v. Lewis Bros., Inc. of Tenn, 820 F.2d 801 (6th Cir. 1987).)

8. See footnote 2.

9. If the CBA was not violated by the Defendant employer in its complained-of dealings with Plaintiff, it is difficult to see how the union could have failed a duty of fair representation in its treatment of Plaintiff's complaint based on that claim. Cf. Ooley v. Schwitzer Div., Household Mfg. Inc., 961 F.2d 1293, 1304 (7th Cir., 1992). In any case, the only defendant in this proceeding is the employer, not the union, thus making examination of the employer's complained-of actions, first, at least more reasonable, if indeed not logically required.

In the memorandum supporting its motion for summary judgment, Defendant Kokosing twice refers directly to, and relies on, the collective-bargaining agreement under which Plaintiff was employed (Hogan Dep., Ex. A, Doc. 42-1), asserting in effect that there was, and is, no provision of that controlling document which required it to reinstate Defendant as an active employee in the circumstances he alleges here, i.e., after completion of his medical leave receiving workers compensation benefits for his job-related injury. Doc. 44, pp. 9, 12. Defendant points specifically to the language of Article III, Sections[10] 14, 17, and 19(a) as giving it the right to "select the employees whom it desires to employ," and "the sole discretion to determine the number of men to be employed," without being "mandated to employ any particular worker" and leaving it "free to hire or recall any worker it chooses." Id., p. 9. Further, at page 12 of its memorandum, Defendant relies again on the language of the same CBA provisions, as well as on Article III, Section 20, to support the assertions that it had "authority and right to layoff its employees and call back union members it so cho[se]" and that it was not "required to bring back its own employees before hiring through the [union] hall." Id. at 12. On the basis of these provisions, Defendant asserts that its complained-of actions with respect to Plaintiff "did not and indeed could not constitute a breach of the CBA." Ibid.

In his opposition memorandum, Plaintiff does not respond directly to any of these assertions by Defendant. Instead, and without reference to any particular part of the CBA,, Plaintiff simply asserts that his action is pursuant to the Labor

---

10. Actually, the CBA is divided into numbered paragraphs, rather than "sections," but the Court will continue to use Defendant's term in order to avoid confusion.

7

Management Relations Act, 29 U.S.C. §185(a), "to remedy acts of direct retaliation and in violation of the collective bargaining agreement" (Doc. 48, p. 1) and that when the "presumed or known facts are viewed in the light most favorable to plaintiff ... these facts and the inferences to be drawn from the facts demonstrate genuine issues of material fact." Id., p. 2. Further, he asserts that the "[f]acts and inferences here strongly suggest retaliatory motivated non reinstatement (sic.) of an employee in violation of the collective bargaining agreement." Id., p. 3.

The only part of the CBA specifically relied on in support of Plaintiff's assertions is that portion of Article XIII, Sec. 60, which (as Plaintiff quotes it [11]) provides:

> All employee or union initiated grievances must be reported to the Local Union offices as soon as possible.... The Business Manager will report the grievance to the Contractor within three (3) business days after receipt..

Doc. 48, p. 4. This abridgment omits portions of the section that might be germane to the question Plaintiff is arguing: that of the union's fair representation of Plaintiff's grievance. With or without that material, however, Sec. 60 is not germane to the question of whether Plaintiff can make showing that Defendant employer's

---

11. Without Plaintiff's abridgment, the second paragraph of section 60 of the CBA provides as follows:

> All employee or Union initiated grievances must be reported to the Local Union office as soon as possible. *Grievances must be filed in writing. Members who fail to report grievances to the Business Manager within fourteen (14) days shall forfeit their grievance.* The Business Manager will report the grievance to the Contractor three (3) days after receipt. All Contractor initiated grievances must be reported to the Local Union office within fourteen (14) days after occurrence. *Failure of the employee or the Contractor to meet the time limits set forth above shall cause the grievance to be deemed waived and not subject to arbitration.*

See Hogan Dep., Ex. A, Doc. 42-1, p. 44 (emphasis supplied).

8

failure to reinstate him under the circumstances alleged here constituted a breach of the CBA, and Plaintiff points to nothing in the record that actually supports such a claim. Instead, Plaintiff relies in part on some factual allegations that are either not supported[12] or are directly contradicted[13] by the record and on case authority none of which involves the attempted enforcement of claimed collective bargaining agreement rights in the way Plaintiff is seeking to do here.[14]

There is no significant dispute about the contents of the CBA in this case, nor about what the Defendant company did and did not do under the authority and limitations of that agreement respecting Plaintiff's employment. At the time of his work-related injury and resultant absence from work receiving workers-compensation benefits in the spring and summer of 2008, the CBA applicable to Plaintiff's worker status contained the various provisions identified in Defendant's memorandum (see page seven, above) effectively giving the employer wide discretion in choosing the timing, number, and identity of its worker/employment decisions, so long as that was done within the various specific limitations of the labor agreement.

---

12. Plaintiff refers to "the company's pervasive history of retaliatory conduct." (Doc. 48, p. 4), but there is no reference to supporting evidence in the record, and the Court has found none.

13. Plaintiff claims "the video tape that Plaintiff identified as himself as being the person being recorded, was filmed after his work related restrictions were lifted" (Doc. 48, p. 3, n. 1.), but the surveillance log for that tape shows him grooming the lawn with a push mower and a push broom for well over an hour at his then-home (Doc. 42, pp. 2,3) on July 18, 2008 (Doc. 42-1, pp. 107 ff.), more than two weeks before his MEDgroup examination chart note reported him "ready to go back to work" on Aug. 4, 2008, (Doc. 42-1, p. 1), following which he sought reactivation of his employment with Defendant Kokosing.

14. None of the cases cited in Plaintiff's memorandum were filed (as Plaintiff expressly states this action to be) "pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. sec.185(a) to remedy acts direct (sic) retaliation and in violation of the collective bargaining agreement," Doc 48, pp. 1, 5-7.

9

See, e.g., CBA, Art. III, Secs. 14, 17, Doc. 42-1, pp. 9, 12.[15] Although Plaintiff repeatedly characterizes Defendant Kokosing's failure to re-activate his employment as "retaliation" or "retaliatory," he fails to identify any specific provision of the pertinent CBA that is violated by the Defendant's actions alleged in this case, and as pointed out above, in the circumstances of this case, that is Plaintiff's burden.

> See *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n. 7 (5th Cir. 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.... Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact.").

Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 379 (6th Cir. 2007).

The CBA here does contain some explicit limitations on the employer's actions respecting the employees it covers. No employee may be discharged "for defending the rights of any employee under the terms of this Agreement." Art. III, Sec. 16(a), Doc. 42-1, p. 9. No employee may be discharged "for refusing to cross a legal picket line." Ibid., Sec. 16(b). But, while it is expressly provided that any union member in good standing, "who has worked for the Contractor during the past year *may* be hired or recalled" (Id., Sec. 19(a), p. 13 (emphasis supplied)), Plaintiff has not pointed out, and the Court has not found, any provision or provisions that could reasonably be read to require Plaintiff's re-employment in the circumstances of this case.

A collective-bargaining agreement,

> .... need not include provisions permitting management action on every conceivable employment matter; rather, on issues not discussed

---

15. "Employees shall be free to select the Contractor for whom they desire to work, and the Contractor shall be free to select the employees whom it desires to employ, subject to the terms of this agreement."

10

in the Agreement, management retains discretion. See *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Appalachian Regional Healthcare, Inc. v. United Steelworkers of America, AFL-CIO-CLC, Local 14398, 245 F.3d 601, 606 (6th Cir. 2001). As the Supreme Court goes on to explain in the Steelworkers v. Warrior and Gulf Navigation opinion:

> .... Collective bargaining agreements regulate or restrict the exercise of management functions; they do not oust management from the performance of them. Management hires and fires, pays and promotes, supervises and plans. All these are part of its function, and absent a collective bargaining agreement, it may be exercised freely except as limited by public law and by the willingness of employees to work under the particular, unilaterally imposed conditions.

363 U.S. at 583.

Plaintiff is proceeding here under particular authority of the Federal Labor Management Relations Act, 29 U.S.C. § 185, and the provisions of his union's collective-bargaining agreement with the Defendant. The Court finds that Plaintiff lacks evidence to prove an essential element of his case – that Defendant's actions constituted a breach of that collective bargaining agreement.– therefore, Plaintiff can not prevail in this proceeding.[16]

---

16. The Court's conclusions here are limited to an analysis of the CBA. No findings or conclusions are made as to the employer's obligations under the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.) or the Ohio Workers Compensation Act (which cases are barred from removal to this Court pursuant to 28 U.S.C. 1445(c)), neither of which were pleaded in Plaintiff's Amended Complaint

11

Consistent with the foregoing, Defendant's Motion for Summary Judgment (Doc. 44) is GRANTED, and the Clerk is directed to enter JUDGMENT in favor of the Defendant Kokosing Construction Company, closing this case.

IT IS SO ORDERED.

9-29-2011
Dated

Edmund A. Sargus, Jr.
United States District Judge